Angie Reveles
2888 Morningside
San Diego, CA 92139
In Common Law

FILED TS
09 AUG 24 PM 12: 37
CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>Angie Reveles<br>Debtor | Case No: 09-11722-JM7<br>**DEBTOR'S EX PARTE MOTION TO VACATE DISMISSAL AND TO RESET THE 341 (a) HEARING; MEMORANDUM OF POINTS AND AUTHORITIES**<br>**Judge: Meyers**<br>**Date:**<br>**Courtroom:**<br>**Time:** |

Angie Reveles, submit this Ex Parte Motion to Vacate the Dismissal of my case and show the Court the following:

## FACTS

1. This case commenced by the filing of a voluntary Chapter 7 petition on August 7, 2009 and was assigned case number 09-11722 JM7.
2. The 341 (a) hearing was set for September 10, 2009.

3. The deadline for filing the Credit Counseling Certification was August 14, 2009. I failed to complete this Credit Counseling course due to financial and medical stress. I currently have two lawsuits pending in both State and Federal Court against my mortgage lender that has caused tremendous Amount of stress I had to represent myself in court without legal support or Guidance which in turn caused medical health problems I requested an extension On the credit counseling, so I regain my emotional strength. I have been Handling all the administration filings on both State and Federal cases plus I filed this bankruptcy on my own because I am unable to afford an attorney.

4. I recently completed my Credit Counseling Certification on August 17th, 2009.

## MEMORANDUM OF POINTS AND AUTHORITIES

Ex parte motions are rarely justified. See, e.g. Mission Power Engineering Company, v. Continental Casualty Company, 883 F Supp. 488, 490 (C.D. Cal. 1995). However, if the movant shows that the crisis which requires ex parte relief was caused by its excusable neglect, the relief is justified. Id. In this case, FRBP 1007 requires that the Credit Counseling Certification be filed with the petition or within 5 days after the petition date. I failed to file the document due to medical stress. Since I have the Counseling Certification Completed and I am aware of the consequence of not having the certificationon time. Nor is any other party affected by the lateness of the certification. Thus, no party is harmed by the ex parte relief requested. Moreover, it would be inequitable to deny me a discharge and fresh start for mere inadvertence and forgetfulness in circumstances which were beyond my total control. Finally, the 341 (a) hearing can be re-scheduled, re-noticed, and conducted in due course.

## CONCLUSION

Based on the above and the attached declarations related to inadvertence, I request that the Court:

1) vacate the dismissal of the instant bankruptcy case;
2) order the 341 (a) first meeting of creditors be re-scheduled and re-noticed;
3) for such further relief as the Court deems just and proper.

Respectfully submitted,

EX PARTE MOTION TO VACATE DISMISSAL

Date: August 24, 2009 By: Angie Reveles

*Angie Reveles* (signature)

Angie Reveles

Pursuant to 28 U.S.C. 1746, I, Angie Reveles, certify under the penalties of Perjury that the foregoing is true and correct to the best of my ability.