**NOT FOR PUBLICATION**

ENTERED SEP 10 2009
FILED
SEP -9 2009
CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ GB _____ DEPUTY

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ANGIE REVELES,<br><br>                      Debtor. | Bankruptcy No. 09-11722-JM7<br><br>ORDER DENYING DEBTOR'S *EX PARTE* MOTION TO VACATE ORDER DISMISSING CASE AND MOTION TO EXTEND THE STAY |

    The Debtor filed a Chapter 7 petition to initiate this case on August 7, 2009. She did not submit the required filing fee or the Certificate of Credit Counseling with the petition. Instead, the Debtor filed motions to waive the filing fee and for an extension of time to file the certificate of credit counseling. The Court denied both motions and dismissed the case.

    Debtor then filed an Ex Parte Motion to Vacate the Order Dismissing the Case, and a Motion to Extend the Automatic Stay under § 362(c)(3)(B). The court records disclose that this is the third bankruptcy petition the Debtor has filed in the past 12 months. The Debtor filed case number 08-08957-M13 on September 15, 2008, and the

1

case was dismissed on October 24, 2008. The Debtor then filed case number 08-11962-M7 on November 25, 2008. That case was dismissed on January 21, 2009, after the Debtor failed to appear at the § 341(a) meeting of creditors. The Debtor requested a waiver of the filing fee in each case, and it appears she has not paid a filing fee for any of the three cases.

The Court will not grant either of the recent motions filed by the Debtor. She has not established any exigent circumstance to waive the requirement of receiving credit counseling within 180 days before filing the petition. She has not paid any filing fees. There is no automatic stay to extend. The automatic stay did not go into effect upon the filing of this petition because the Debtor filed two cases which were dismissed within the previous year. 11 U.S.C. § 362(c)(4)(A)(i). Finally, the Debtor is attempting to bring claims against a secured lender for violations of truth in lending and foreclosure laws, and to obtain a modification on a loan that has already been through state foreclosure proceedings. This is not the appropriate forum to pursue her claims.

Therefore, IT IS ORDERED that:

1) The Debtor's *Ex Parte* Motion to Vacate Dismissal of this case and reschedule the § 341(a) meeting of creditors is DENIED;

2) The Debtor's Motion to Extend the Automatic Stay is DENIED.

Dated: SEP 09 2009

JAMES W. MEYERS, Judge
United States Bankruptcy Court

CSD 1195 [05/01/94]

# UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In re  Bankruptcy Case No(s). 09-11722-JM7
Adversary No(s).

## CERTIFICATE OF MAILING

The undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to wit:

**Order Denying Debtor's Ex Parte Motion to Vacate Order Dismissing Case and Motion to Extend the Stay**

was enclosed in a sealed envelope bearing the lawful frank of the bankruptcy judges and mailed to each of the parties at their respective addresses listed below:

Angie Reveles
2888 Morningside Street
San Diego, CA 92139

Eric D. Houser
Rebecca Wilson
701 Palomar Airport Road, Ste. 250
Carlsbad, CA 92011

Richard M. Kipperman
P.O. Box 3010
La Mesa, CA 91944

United States Trustee
Department of Justice
402 West Broadway, Ste. 600
San Diego, CA 92101

Said envelope(s) containing such document was deposited by me in a regular United States Mail Box in the City of San Diego, in said District on September 10, 2009.

_____
Molly Dishman
Judicial Assistant to the Honorable James W. Meyers

CSD 1195